FILED
Clk, US Bankruptcy Court
SEP 0 2 2004
WDNC, THH Asheville, NC

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Asheville Division

In Re:                              )    Case No. 04-10691
                                    )    Chapter 7
**MARTIN HEATING & AIR**            )
**CONDITIONING, INC.,**             )
                                    )
                   Debtor.          )
                                    )    JUDGMENT ENTERED ON  SEP 0 2 2004
_____)

### ORDER DENYING MOTION FOR RECOVERY OF PERSONAL PROPERTY

This matter came before the court upon the Motion for Recovery of Personal Property of Centrino, LLC ("Centrino") and the response thereto of the Chapter 7, Trustee, Robert M. Pitts, and First-Citizens Bank & Trust Company ("First Citizens"). After consideration of the Motion for Recovery of Personal Property (the "Motion"), the responses thereto, and the arguments of counsel, the court has concluded that the Motion should be denied because title to the Lennox Heating System and the installation hardware did not pass to Centrino. Therefore, Centrino has an unsecured claim in this bankruptcy case.

### FINDINGS OF FACT

1.    The debtor filed a voluntary Chapter 7 petition on June 4, 2004.

2.    In late February 2004, Centrino, through its architect, Camille-Alberice, obtained a quote in the amount of $10,730.00 from the debtor for the "installation of a 5-Ton Lennox gas package unit to serve the left side of the first floor of No. 5 Biltmore Avenue."

3.    A check to the debtor in the amount of $10,730.00, was posted to Centrino's bank account on April 8, 2004, and it appears that the debtor submitted a purchase order to Lennox Industries for the heating until and installation hardware on April 16, 2004.

4.    The heating unit was delivered to the debtor sometime between May 7, 2004, and the date of the bankruptcy filing. As of the date of the debtor's filing, the unit was in the debtor's possession, but the Trustee has since taken possession of the unit.

5.    None of the invoices or other documents related to the purchase of the heating unit contain any formal terms regarding the delivery of the unit.

6.    On July 22, 2004, Centrino filed its Motion for Recovery of Personal Property seeking to recover the heating unit from the Trustee. First-Citizens Bank & Trust Company ("First-Citizens") objected to the Motion asserting that title in the heating unit never passed to Centrino and that First Citizens has a first priority perfected security interest in the unit and is, therefore, entitled to recover and sell the unit as its collateral unless otherwise agreed between First Citizens and the Trustee. The Trustee also filed a response to the Motion asserting that the unit is property of the bankruptcy estate because the unit was never delivered and installed.

## CONCLUSIONS OF LAW

1.    The critical issue in this case is whether title to the heating unit ever passed to Centrino, as the only "interest" that can defeat the Trustee's interest in the heating unit is title to the property.    See Abbott v. Blackwelder, 33 B.R. 399, 404 (W.D.N.C. 1983).

2.    Pursuant to N.C. Gen. Stat. § 25-2-401, "unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to physical delivery of the goods."    See N.C. Gen. Stat. § 25-2-401(2).  There was no agreement between Centrino and the debtor regarding the passage of title.  Therefore, title would be deemed to have passed to Centrino at the time and place at which the debtor delivered the goods to Centrino.

3.    Centrino contends that pursuant to N.C.G.S. § 25-2-308(a), unless otherwise agreed, "the place for delivery of goods is the seller's place of business or if he has none, his residence."    See N.C.G.S. § 25-2-308(a).  Comment 1 to this statute explains that it applies to commercial and non-commercial sales where no place or means of delivery has been agreed upon by the parties.  Centrino argues that once Lennox Industries delivered the heating unit to the debtor, delivery had taken place and title, therefore, passed to Centrino.

3

4.    However, Comment 4 to § 25-2-308(a) reiterates that the rules of this section apply only "unless otherwise agreed." See N.C.G.S. § 25-2-308(a), cmt. n.4.   Comment 4 goes one step further and explains that "[t]he surrounding circumstances, usage of trade, course of dealing and course of performance, as well as the express language of the parties, may constitute an 'otherwise agreement.'"  See id.

5.    In this case, it is clear that the intention of the parties was for delivery to take place upon installation of the heating unit at the building being renovated by Centrino.  The best evidence of this intention is the quote Centrino obtained from the debtor, which expressly provided for the "installation of a 5-Ton Lennox gas package unit to serve the left side of the first floor of No. 5 Biltmore Avenue."  Therefore, delivery did not take place because the heating unit was never installed by the debtor, and remained in the debtor's possession.  Moreover, because delivery did not take place to Centrino, pursuant to N.C.G.S. § 25-2-401, title did not pass to Centrino.  Thus, at the time this case was filed, the debtor had legal title to the heating unit such that it constitutes property of the debtor's estate.  See In re. Surplus Furniture Liquidators, Inc. of High Point, 199 B.R. 136, 140 (Bankr. M.D.N.C. 1995).   In addition, First Citizens' first priority perfected security interest in the unit is preserved as if no contract had ever existed between Centrino and the debtor, and

Centrino shall have an unsecured claim in the debtor's bankruptcy case.  See <u>Abbott v. Blackwelder</u>, 33 B.R. 399, 405 (W.D.N.C. 1983).

It is therefore **ORDERED** as follows:

1.   Centrino's Motion for Recovery of Personal Property is denied;

2.   The heating unit and installation hardware are property of the debtor's estate;

3.   First Citizens' first priority perfected security interest in the heating unit and installation hardware is preserved; and

4.   Centrino shall have an unsecured claim in the debtor's bankruptcy estate.

<u>*George R. Hodges*</u>
Dated as of date entered

**George R. Hodges
United States Bankruptcy Judge**

5